In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 17-2428

PLANNED PARENTHOOD OF INDIANA AND KENTUCKY, INC.,

*Plaintiff-Appellee*,

*v.*

KRISTINA BOX\*, Commissioner, Indiana
State Department of Health, *et al.*,

*Defendants-Appellants*.

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:17-CV-01636-SEB-DML — **Sarah Evans Barker**, *Judge*.

———————————

On Petition for Rehearing and Rehearing En Banc

———————————

OCTOBER 30, 2019

———————————

————————

   \* We have substituted the current Commissioner, Indiana State De-
partment of Health, for her predecessor, sued in an official capacity. Fed.
R. App. P. 43(c)(2).

Before WOOD, *Chief Judge*, FLAUM, EASTERBROOK, KANNE, ROVNER, SYKES, HAMILTON, BARRETT, BRENNAN, SCUDDER, and ST. EVE, *Circuit Judges*.

PER CURIAM. On consideration of defendants-appellants' petition for rehearing and rehearing en banc, filed on September 24, 2019, a majority of judges in active service voted to deny the petition for rehearing en banc. Judges Flaum, Kanne, Barrett, Brennan, and Scudder voted to grant the petition for rehearing en banc. Judges Rovner and Hamilton voted to deny panel rehearing; Judge Kanne voted to grant panel rehearing.

Accordingly, the petition for rehearing and rehearing en banc filed by defendants-appellants is DENIED.

EASTERBROOK, *Circuit Judge*, with whom SYKES, *Circuit Judge*, joins, concurring in the denial of rehearing en banc. Talk is cheap, which makes it easy for the plaintiffs in a pre-enforcement suit to predict the worst and demand that an injunction issue before the disaster comes to pass. If the judge issues the injunction, the prediction cannot be tested—unless by chance a similar rule in some other state is not enjoined, and then the judiciary can learn by that experience. See, e.g., *A Woman's Choice—East Side Women's Clinic v. Newman*, 305 F.3d 684 (7th Cir. 2002). Unless a baleful outcome is either highly likely or ruinous even if less likely, a federal court should allow a state law (on the subject of abortion or anything else) to go into force; otherwise the prediction cannot be evaluated properly. And principles of federalism should allow the states that much leeway. Talk of the states as

laboratories is hollow if federal courts enjoin experiments before the results are in.

One case pending before the Supreme Court arises from a pre-enforcement injunction. A district court predicted that enforcement of an admitting-privileges requirement would close two of the three abortion clinics in Louisiana. *June Medical Services LLC v. Kliebert*, 250 F. Supp. 3d 27 (M.D. La. 2017). The court of appeals reversed, believing that prudent steps by physicians would keep all three open. *June Medical Services L.L.C. v. Gee*, 905 F.3d 787 (5th Cir. 2018), rehearing en banc denied, 913 F.3d 573 (5th Cir. 2019). The Supreme Court granted a petition for review. *June Medical Services L.L.C. v. Gee*, No. 18–1323 (Oct. 4, 2019). Before the Justices can address whether Louisiana's statute creates an "undue burden," they must first decide what it would do if implemented—and the pre-enforcement injunction has made that difficult. (The Court stayed the Fifth Circuit's decision, so the injunction remains in effect.) Perhaps the Justices will say something about the circumstances under which it is appropriate for a district court to issue pre-enforcement relief that forever prevents the judiciary from knowing what a law *really* does.

If that happens, a grant of rehearing en banc in this case would be unproductive. And whether or not it happens, a grant of rehearing en banc would delay the ultimate resolution of this dispute. For a court of appeals cannot decide whether requiring a mature minor to notify her parents of an impending abortion, when she cannot persuade a court that avoiding notification is in her best interests, is an "undue burden" on abortion. The "undue burden" approach announced in *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), does not call on a court of appeals to interpret

a text. Nor does it produce a result through interpretation of the Supreme Court's opinions. How much burden is "undue" is a matter of judgment, which depends on what the burden would be (something the injunction prevents us from knowing) and whether that burden is excessive (a matter of weighing costs against benefits, which one judge is apt to do differently from another, and which judges as a group are apt to do differently from state legislators). Only the Justices, the proprietors of the undue-burden standard, can apply it to a new category of statute, such as the one Indiana has enacted. Three circuit judges already have guessed how that inquiry would come out; they did not agree. The quality of our work cannot be improved by having eight more circuit judges try the same exercise. It is better to send this dispute on its way to the only institution that can give an authoritative answer.

KANNE, *Circuit Judge*, with whom FLAUM, BARRETT, BRENNAN, and SCUDDER, *Circuit Judges*, join, dissenting from the denial of rehearing *en banc*. This case implicates an important and recurring issue of federalism: Under what circumstances, and with what evidence, may a state be prevented from enforcing its law before it goes into effect? Given the existing unsettled status of pre-enforcement challenges in the abortion context, I believe this issue should be decided by our full court. Preventing a state statute from taking effect is a judicial act of extraordinary gravity in our federal structure.